UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREAT AMERICAN INSURANCE
COMPANY, an Ohio corporation,

      Plaintiff,

      v.

LYNDEN INCORPORATED, a
Washington corporation; RUSSO BROTHERS
TRANSPORT, INC., a California corporation.;
SKYLINE LOGISTICS, LLC, a Washington
limited liability company; ITS LOGISTICS,
INC., a Nevada corporation; INTERSTATE
CAPITAL CORP., a Texas corporation;
ELBRUS LOGISTICS, INC., a Washington
corporation; EXPRESS CONNECTION, INC., an
Oregon corporation; ABSOLUTE MOVERS,
INC., a California corporation; AL-AMIN
BROTHERS TRANSPORTATION, LLC, an
Illinois limited liability company; CROSSROADS
CARRIERS, LLC, an Arizona limited liability
company; ADVANCE TRANSPORT, INC., a
Missouri corporation; FINGER LAKES
LOGISTICS, INC., a New York corporation;
AMISTAD FREIGHT LINES, INC., a California
corporation; BLAKEMAN TRANSPORTATION,
INC., a Texas corporation; VAKO, LLC, a
Washington limited liability company; and
THE BRAVA GROUP, INC., a California
corporation,

No.

COMPLAINT FOR
INTERPLEADER

COMPLAINT FOR INTERPLEADER - 1
322\gaic\maust\\pldgs\complaint

LIVENGOOD, FITZGERALD & ALSKOG, PLLC
121 THIRD AVENUE
P.O. BOX 908
KIRKLAND, WASHINGTON  98083-0908
PHONE: (425) 822-9281   FAX (425) 828-0908

Defendants.

COMES NOW Great American Insurance Company ("Great American") by way of complaint for interpleader against defendants, alleges as follows:

## I.  PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Great American is an Ohio corporation with its principal place of business in Ohio.

2.      Defendant Lynden Incorporated is a Washington corporation with its principal place of business in Washington.

3.      Defendant Russo Brothers Transport, Inc. is a California corporation with its principal place of business in California.

4.      Defendant Skyline Logistics, LLC is a Washington limited liability company, the members of which are believed to be citizens of Washington.

5.      Defendant ITS Logistics, Inc. is a Nevada corporation with its principal place of business in Nevada.

6.      Defendant Interstate Capital Corp. is a Texas corporation with its principal place of business in Texas.  Interstate Capital Corp. is the assignee of Western Land Logistics, LLC and American General Transport, LLC.

7.      Defendant Elbrus Logistics, Inc. is a Washington corporation with its principal place of business in Washington.

8.      Defendant Express Connection, Inc. is an Oregon corporation with its principal place of business in Oregon.

9.      Defendant Absolute Movers, Inc. is a California corporation with its principal

COMPLAINT FOR INTERPLEADER - 2
322\gaic\maust\\pldgs\complaint

LIVENGOOD, FITZGERALD & ALSKOG, PLLC
121 THIRD AVENUE
P.O. BOX 908
KIRKLAND, WASHINGTON  98083-0908
PHONE: (425) 822-9281   FAX (425) 828-0908

place of business in California.

10.    Defendant Al-Amin Brothers Transportation, LLC is an Illinois limited liability company, the members of which are believed to be citizens of Illinois.

11.    Defendant Crossroads Carriers, LLC is an Arizona limited liability company, the members of which are believed to be citizens of Arizona.

12.    Defendant Advanced Transport, Inc. is a Missouri corporation with its principal place of business in Missouri.

13.    Defendant Finger Lakes Logistics, Inc. is a New York corporation with its principal place of business in New York.  Finger Lakes Logistics, Inc. is the assignee of Dispatch & Consulting Services, Inc.

14.    Defendant Amistad Freight Lines, Inc. is a California corporation with its principal place of business in California.

15.    Defendant Blakeman Transportation, Inc. is a Texas corporation with its principal place of business in Texas.

16.    Defendant Vako, LLC is a Washington limited liability company, the members of which are believed to be citizens of Washington.

17.    Defendant The Brava Group, Inc. is a California corporation with its principal place of business in California.

18.    This is an interpleader action that arises under 28 U.S.C. §1335.  Two or more of the claimants named above are of diverse citizenship and are claiming the proceeds of the Brokers Bond issued by Great American referenced below.  Venue is proper pursuant to 28 U.S.C. §1397.

COMPLAINT FOR INTERPLEADER - 3
322\gaic\maust\\pldgs\complaint

LIVENGOOD, FITZGERALD & ALSKOG, PLLC
121 THIRD AVENUE
P.O. BOX 908
KIRKLAND, WASHINGTON  98083-0908
PHONE: (425) 822-9281   FAX (425) 828-0908

## II. BACKGROUND FACTS

19.    Great American issued Form BMC-84, Broker's or Freight Forwarder's Surety Bond, bond number 2209788 ("Broker's Bond"), on which Maust Corporation is the principal pursuant to the provisions of 49 U.S.C. §13906 and 49 CFR §387.307(a).  This bond is in the amount of $75,000.00.  Upon commencement of this action the $75,000.00 proceeds of the Broker's Bond will be deposited into the court registry.

20.    The Broker's Bond is a requirement for registration as a motor carrier with the Department of Transportation.

21.     Pursuant to the provisions of 49 U.S.C. §13906(b)(2) and 49 CFR §387.307(b), any party who has suffered any loss as the result of the failure of a registered broker to pay freight charges may bring a claim against the surety on a Broker's Bond.

22.    As the result of its issuance of the Broker's Bond, claims have been made against Great American by Lynden Incorporated, Russo Brothers Transport, Inc., Skyline Logistics, LLC, ITS Logistics, Inc., Interstate Capital Corp., Elbrus Logistics, Inc., Express Connection, Inc., Absolute Movers, Inc., Al-Amin Brothers Transportation, LLC, Crossroads Carriers, LLC, Advanced Transport, Inc., Finger Lakes Logistics, Inc., Amistad Freight Lines, Inc., Blakeman Transportation, Inc., VAKO, LLC, and The Brava Group, Inc. (collectively "Claimants").  Each of these Claimants alleges that they (or their assignors) have not been paid freight charges by Maust Corporation, thus entitling them to assert a claim against the Broker's Bond.

23.    The total of the claims currently pending against the Broker's Bond exceed its $75,000 penal limit.  Great American is or may be exposed to liability in excess of the bond penalty as the result of the claims pending against the Broker's Bond.

COMPLAINT FOR INTERPLEADER - 4
322\gaic\maust\\pldgs\complaint

LIVENGOOD, FITZGERALD & ALSKOG, PLLC
121 THIRD AVENUE
P.O. BOX 908
KIRKLAND, WASHINGTON  98083-0908
PHONE: (425) 822-9281  FAX (425) 828-0908

### III.  CLAIMS AND CAUSES OF ACTION

### A.  INTERPLEADER

24.    A present controversy exists as to whether Great American is required to pay any portion of the Broker's Bond to the Claimants referenced above to satisfy their claims.

25.    Great American is entitled to a judicial decree establishing the rights of the Claimants to the proceeds of the Broker's Bond and establishing Great American's obligations to pay the proceeds to the Claimants to extinguish their claims against the Broker's Bond.

26.    Pursuant to FRCP 22, Great American is entitled to join the Claimants as parties in this action and require them to interplead their claims against the Broker's Bond.

27.    Pursuant to 28 U.S.C. §1335, Great American is entitled to deposit the proceeds of the Broker's Bond a into the registry of the court.

28.    Great American is entitled to an order discharging it from further liability under the Broker's Bond and enjoining the claims from instituting or prosecuting any claim against Great American with respect thereto, pursuant to 28 U.S.C. §2361.

29.    Great American is entitled to an award of its attorney's fees and costs incurred in this interpleader action, to be deducted from the proceeds of the Broker's Bond.

WHEREFORE, plaintiff Great American Insurance Company prays for relief as follows:

1.    For an order of this court declaring that Great American has discharged its obligations to Claimants under the Broker's Bond by its deposit of the proceeds of the Broker's Bond into the registry of the court.

2.    For an order of this court requiring that the Claimants be interpled into this action and required to settle between themselves their rights to the proceeds of the Broker's Bond.

COMPLAINT FOR INTERPLEADER - 5
322\gaic\maust\\pldgs\complaint

LIVENGOOD, FITZGERALD & ALSKOG, PLLC
121 THIRD AVENUE
P.O. BOX 908
KIRKLAND, WASHINGTON  98083-0908
PHONE: (425) 822-9281   FAX (425) 828-0908

3.      For an order of this court dismissing Great American as a party to this action.

4.      For an order of this court enjoining Claimants from further legal proceedings against Great American regarding any claim against it with respect to its issuance of the Broker's Bond.

5.      For an order of this court awarding Great American its reasonable attorney's fees and costs incurred in this interpleader action, to be paid from the proceeds of the Broker's Bond deposited by Great American with the court.

6.      For an order of this court for such other and further relief as this court deems just and proper.

DATED this 17th day of January, 2014.

LIVENGOOD, FITZGERALD & ALSKOG, PLLC

By:  s/*Thomas K. Windus*
Thomas K. Windus, WSBA #7779
Livengood, Fitzgerald & Alskog, PLLC
121 Third Avenue
P.O. Box 908
Kirkland, WA  98083-0908
Telephone:  (425) 822-9281
Fax:  (425) 828-0908
E-mail: windus@lfa-law.com
Attorneys for Plaintiff Great American
Insurance Company

COMPLAINT FOR INTERPLEADER - 6
322\gaic\maust\\pldgs\complaint